OPINION
{¶ 1} Appellant, Jack D. Keen appeals the judgment of the Portage County Common Pleas Court, which overruled his objections to a magistrate's decision. We reverse.
 {¶ 2} On October 19, 1994, appellees filed a complaint against Jack A. and Betty J. Keen alleging that they were maintaining a junkyard on their property in violation of the Atwater Township Zoning Resolution. This was case number 94 CV 0781. Jack A. and Betty J. had died on June 14, 1988, and March 25, 1992, respectively. On May 4, 1995 the trial court granted default judgment against the Keens. On April 15, 1996 the trial court found the Keens in contempt of the May 4, 1995 order. Jack D. Keen, Jack A. Keen's son, appeared on behalf of Jack A. on July 23, 1996, and agreed to bring the property into substantial compliance with the zoning regulations.
 {¶ 3} Appellees filed a motion to show cause on June 3, 1998. Prior to the hearing the parties entered into an agreement to bring the property into compliance.
 {¶ 4} On August 7, 2000 the trial court found that the property had not been brought into compliance and imposed a fine of $20,250. On February 15, 2001, appellees sought to enforce their judgment and filed a foreclosure action. This action was assigned case number 2001 CV 00173.
 {¶ 5} On July 9, 2001, Jack D. Keen and Ronald J. Keen, sons of Jack A. and Betty J. Keen, moved to intervene and moved to vacate the judgment entered in that case on the grounds that their parents had died before appellees filed the action. The trial court granted the motions and stayed the foreclosure action.
 {¶ 6} The parties entered into a consent judgment on October 2, 2001. The terms of the consent judgment provided that: Jack D. and Ronald J. Keen were substituted as defendants for their parents and that the Keen brothers agreed to bring the property into compliance with township zoning regulations within sixty days. The consent judgment also stated that if the brothers failed to bring the property into compliance within sixty days the stay in the foreclosure action would be vacated and the foreclosure would proceed with the August 7, 2000, judgment reduced to $4,000.
 {¶ 7} On March 26, 2002, appellees filed a motion to show cause against the Keen brothers. After a hearing, the magistrate found the Keen brothers to be in contempt of the consent judgment because they had a junk motor vehicle on the property. The magistrate rendered judgment in favor of appellees in the amount of $4,000 and lifted the stay on the foreclosure action. The Keen brothers filed objections to the magistrate's decision. The trial court adopted the magistrate's decision but referred the case back to the magistrate to determine if the judgment was against both Jack D. and Robert Keen or just Jack D. Keen. The magistrate determined that the judgment applied only to Jack D. Keen. The trial court adopted this conclusion.
 {¶ 8} Jack D. Keen appeals raising two assignments of error:
 {¶ 9} "[1.] The trial court erred to the prejudice of defendant-appellant in finding that he was in violation of the Atwater Zoning Resolution based upon the finding that the Volkswagen located upon the property was a junk motor vehicle.
 {¶ 10} "[2.] The trial court erred to the prejudice of defendant-appellant in finding him to be in contempt for failure to comply with the prior order of the court requiring compliance with the zoning resolution."
 {¶ 11} The zoning resolution at issue provides in relevant part:
 {¶ 12} "A. No use shall be permitted or authorized to be established which, when conducted in compliance with the provisions of these regulations, and any additional conditions and requirements prescribed, is or may be hazardous, noxious, or offensive, injurious, harmful, or objectionable or which may otherwise adversely affect surrounding areas or adjoining premises, except that any use permitted by this Resolution may be undertaken or maintained if acceptable measures and safeguards to reduce any dangerous or objectionable conditions to acceptable limits, as established in this section, are properly exercised. At a minimum, specifically, the occupation or use of any land or building in any district shall be in violation of this Resolution if one or more of the following conditions is found to exist at any time:
 {¶ 13} "* * *
 {¶ 14} "14. Junk motor vehicles, junk yards, auto graveyards, or places for the collection of scrap metal, paper, rags, glass or junk for sale, salvage, or storage purposes for dismantling used vehicles."
 {¶ 15} The zoning regulations do not provide a definition of "junk motor vehicles" so the lower court looked to the Revised Code for a definition. The magistrate applied the definition found in R.C. 4513.63, which provides in relevant part:
 {¶ 16} "`Abandoned junk motor vehicle' means any motor vehicle meeting all of the following requirements:
 {¶ 17} "(A) Left on private property for forty-eight hours or longer without the permission of the person having the right to the possession of the property, on a public street or other property open to the public for purposes of vehicular travel or parking, or upon or within the right-of-way of any road or highway, for forty-eight hours or longer;
 {¶ 18} "(B) Three years old, or older;
 {¶ 19} "(C) Extensively damaged, such damage including but not limited to any of the following: missing wheels, tires, motor, or transmission;
 {¶ 20} "(D) Apparently inoperable;
 {¶ 21} "(E) Having a fair market value of one thousand five hundred dollars or less."
 {¶ 22} This definition is clearly inapplicable to the instant case. Here, the owner of the vehicle and the owner of the property were one in the same; therefore, the vehicle was not abandoned.
 {¶ 23} R.C. 505.173(E) provides the applicable definition:
 {¶ 24} "As used in this section, `junk motor vehicle' means a motor vehicle that meets all of the following criteria:
 {¶ 25} "(1) Three model years old, or older;
 {¶ 26} "(2) Apparently inoperable;
 {¶ 27} "(3) Extensively damaged, including, but not limited to, any of the following: missing wheels, tires, engine, or transmission." (Emphasis added.)
 {¶ 28} There is no dispute in this case the Volkswagen was more than three years old; appellant testified that it was a 1985. The dispute concerns the proof of the second and third elements.
 {¶ 29} The zoning inspector testified that he believed the vehicle was inoperable. He testified that it had not been moved in years and had sunk into the ground. He also testified that there was dirt and debris in and on the car.
 {¶ 30} Jack D. Keen's testimony essentially agreed with that of the zoning inspector although Mr. Keen testified that he started the car occasionally to make sure that it did in fact run. Mr. Keen also testified that the car had good tires on it.
 {¶ 31} R.C. 505.173(E)(2) only requires that the vehicle appear to be inoperable. This is a subjective element. Appellees were not required to prove that the vehicle was in fact inoperable; only that it appeared to be so. Appellees presented competent credible evidence to satisfy this element of the test.
 {¶ 32} R.C. 505.173(E)(3) provides an objective element, i.e., the vehicle must be "[e]xtensively damaged, including, but not limited to, any of the following: missing wheels, tires, engine, or transmission." Appellees presented no evidence that the vehicle was extensively damaged.
 {¶ 33} The zoning inspector testified that the vehicle was dirty and filled with debris and that he was unable to observe the tires on the vehicle because it was sunk into the ground. Mr. Keen testified that the vehicle had good tires on it.
 {¶ 34} The examples given in R.C. 505.173(E)(3) relate to the mechanical functioning of the vehicle, not its cosmetic appearance. We decline to engraft into the statute a requirement that the vehicle be cosmetically pleasing. Appellees presented no evidence of extensive damage; therefore, appellant's first assignment of error has merit.
 {¶ 35} Our decision with respect to the first assignment of error renders appellant's second assignment of error moot. The judgment of the Portage County Court of Common Pleas is reversed and this matter is remanded for proceedings consistent with this opinion.
William M. O'Neill, J., concurs
DIANE V. GRENDELL, J., dissents with dissenting opinion.